IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-140-FL

| | |
|---|---|
| CARLOS A. ALFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| THOMAS W. HARKER, Acting Secretary ) | |
| of the Navy, ) | |
| ) | |
| Defendant.[1] ) | |

This matter is before the court on defendant's motion to dismiss for failure to state a claim and for lack of jurisdiction (DE 38). Plaintiff responded in opposition, and the time for reply has expired. In this posture, the issues raised are ripe for ruling. For the following reasons, the motion is granted in part and denied in part.

### BACKGROUND

Plaintiff commenced this action by motion for leave to proceed in forma pauperis, on July 31, 2019, with a proposed complaint asserting a claim for judicial review of an unfavorable decision by of the Board of Correction of Naval Records ("Board"). Plaintiff claimed in his proposed complaint that the Board erred in denying a discharge upgrade request and he sought "an honorable discharge, restoration of rank Lance Corporal, and any rank he could have made up to E-7." (DE 1-1 at 33).

---

[1] Where the court decides herein that part of plaintiff's claims are allowed to proceed, pursuant to Federal Rule of Civil Procedure 25(d), Thomas W. Harker is substituted as defendant because he is the Acting Secretary of the Navy. The clerk is directed to amend the caption on the docket to reflect such change.

The court allowed plaintiff to proceed following frivolity review on October 7, 2019.[2] Defendant entered an appearance on December 16, 2019. That same date, defendant filed a consent motion to stay the case for a period of 100 days, through March 25, 2020, on the basis that defendant had requested a medical advisory opinion from the "mental health advisory team" of the BCNR, in response to a petition submitted by plaintiff to the BCNR on July 26, 2019. (DE 14 ¶ 2). The court granted the stay on December 17, 2019, and extended the stay on March 26, 2020, May 29, 2020, and July 8, 2020, to allow for completion of the medical advisory opinion and a rebuttal by plaintiff.

On July 23, 2020, plaintiff filed the operative amended complaint,[3] including as exhibits: 1) an August 25, 2017, Department of Defense memorandum for secretaries of the military departments ("August 25, 2017, memorandum"), and 2) a July 10, 2020, letter from the Department of the Navy to plaintiff, denying a reconsideration request by plaintiff ("July 10, 2020, letter"). In his complaint, plaintiff requests the record from the Board that "decided [plaintiff's] case," and he asserts that the decision of the Board was "arbitrary and capricious" under 10 U.S.C. § 1558(f)(3) because it failed to follow the August 25, 2017, memorandum. Plaintiff seeks "De Novo review" of the decision by the Board, using guidelines in the August 25, 2017, memorandum,

---

[2] Plaintiff has litigated a number of other cases in this district, some, but not all, related to his military service and records: 7:09-CV-56-BO (closed July 23, 2010); 7:11-CV-4-BO (closed March 29, 2011); 7:11-CV-38-BR (closed February 21, 2012); 7:11-CV-81-D (closed May 29, 2012); 7:12-CV-257-FL (closed October 23, 2012); 7:12-CV-273-BR (closed March 14, 2013); 7:12-CV-294-F (closed June 11, 2013); 7:13-CV-15-D (closed January 10, 2014); 7:13-CV-112-D (closed August 14, 2013); 7:14-CV-195-D (closed June 23, 2015); 7:16-CV-3-BO (closed January 12, 2016); 7:16-CV-8-D (closed September 20, 2016); 7:19-CV-186-FL (commenced September 23, 2019, allowed to proceed with Rehabilitation Act claim against Secretary of Veterans Affairs, on November 6, 2020); 7:20-CV-31-D (commenced February 20, 2020, allowed to proceed with an employment termination claim on October 19, 2020).

[3] The court allowed filing of the operative amended complaint through text order entered September 2, 2020, which construed the filing as a motion to amend complaint and granted the motion, then designated the filing as plaintiff's operative amended complaint. Hereinafter, any references to the complaint or "compl." in citations to the record are to the operative amended complaint filed July 23, 2020, unless otherwise specified.

and considering evidence including a Veterans Administration ("VA") determination. (DE 36 at 4).

Defendant filed the instant motion to dismiss on August 10, 2020, pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and Rule 12(b)(6) for failure to state a claim. In support of the motion, defendant relies upon the July 10, 2020, letter and the August 25, 2017, memorandum, as well as two additional Department of Defense internal memoranda, dated September 3, 2014, and July 25, 2018. Plaintiff responded in opposition to the instant motion on August 17, 2020.

## COURT'S DISCUSSION

A.     Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[ ] . . . that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

   1.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant argues that plaintiff's claim based upon a violation of the terms of the August 25, 2017, memorandum must be dismissed for lack of jurisdiction, because the August 25, 2017, memorandum is merely a statement of internal policy and does not itself provide a cause of action on which the court can exercise jurisdiction. The court, however, construes plaintiff's claim only as one brought under 10 U.S.C. § 1552, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, for judicial review of a final decision of the Board, as set forth further below. Plaintiff does not assert otherwise in opposition to the instant motion. Therefore, defendant's motion is granted in that part where it seeks dismissal of plaintiff's claim, if any, based upon a violation of the terms of the August 25, 2017, memorandum.

In so holding, the court does not preclude consideration of the August 25, 2017, memorandum as part of plaintiff's claim under § 1552 and the APA. Indeed, defendant notes that

4

the Board "is obligated to review requests like Plaintiff's in accordance with the directives of" the August 25, 2017, memorandum. (DE 39 at 11). But, to the extent plaintiff asserts a claim, if any, based solely on the August 25, 2017, memorandum, it is dismissed without prejudice for lack of subject matter jurisdiction.

    2.    Motion to Dismiss for Failure to State a Claim

        a.    Claim under 10 U.S.C. § 1558(f)(3)

Defendant seeks dismissal of plaintiff's claim, if any, under 10 U.S.C. § 1558(f)(3), because that statute provides no recourse under the circumstances alleged. Section 1558(f)(3) provides authority to federal courts to "review a recommendation of a special board or an action of the Secretary of the military department concerned on the report of a special board." Here, plaintiff does not allege that he was subject to a decision by a "special board." Id.; see Compl. (DE 36) at 1-4. Although plaintiff cites § 1558(f)(3) in his complaint, (id. at 1), the substance of the relief sought is more properly considered under 10 U.S.C. § 1552 and the APA, as set forth in the next section. Again, plaintiff does not assert otherwise in opposition to the instant motion. Therefore, defendant's motion is granted in that part where it seeks dismissal of plaintiff's claim, if any, based upon § 1558(f)(3). This claim, if any, is dismissed with prejudice for failure to state a claim upon which relief can be granted.

        b.    Claim under § 1552 and the APA

Defendant next argues that, assuming plaintiff actually intended to assert a claim under §1552 and the APA, he fails to state a claim upon which relief may be granted.

Plaintiff's complaint, in substance, seeks judicial review of a decision of the Board as "arbitrary and capricious." (Compl. (DE 36) at 1). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

5

Erickson v. Pardus, 551 U.S. 89, 94 (2007). Viewed in this manner, plaintiff's complaint asserts a claim for judicial review of a final decision of the Board denying an application by plaintiff for correction of his military record, which claim is reviewed in accordance with the standards set forth in § 1552 and the APA.

The APA authorizes the district court to set aside an agency action that was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). "This inquiry must be searching and careful, but the ultimate standard of review is a narrow one." Defs. of Wildlife v. N. Carolina Dep't of Transp., 762 F.3d 374, 393 (4th Cir. 2014) (quotations omitted). "Judicial review of administrative action is generally confined to the administrative record." Fort Sumter Tours, Inc. v. Babbit, 66 F.3d 1324, 1335 (4th Cir. 1995). Further, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Fayetteville Area Chamber of Commerce v. Volpe, 515 F.2d 1021, 1024 (4th Cir. 1975) (quotations omitted). "Although the scope of review is narrow, the agency must nevertheless explain the evidence which is available, and must offer a rational connection between the facts found and the choice made." Ohio River Valley Envtl. Coal., Inc. v. Kempthorne, 473 F.3d 94, 102–03 (4th Cir. 2006) (quotations omitted).

In the context of military boards, "[t]he Secretary of a military department may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C.A. § 1552(a). "Under the Board's procedures, one aggrieved . . . may request a hearing; if the claims are denied without a hearing, the Board is required to provide a statement of its reasons." Chappell v. Wallace, 462 U.S. 296, 303 (1983). Such "Board decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence." Id. "The function of the court is not to reweigh

6

the evidence presented to the [Board]." Randall v. United States, 95 F.3d 339, 348 (4th Cir. 1996) (quotations omitted). "Rather, the court is charged with determining whether the conclusion being reviewed is supported by substantial evidence." Id. (quotations omitted).

Plaintiff states a plausible claim for judicial review of a Board decision under § 1552 and the APA, in accordance with the aforementioned standards. He attaches a decision of the Board to his complaint, which on its face is in response to an application by plaintiff and references in detail military and medical records pertaining to plaintiff. (See July 10, 2020, letter (DE 36-1)). Plaintiff also asserts that the Board failed properly to take into account substantial evidence in the administrative record, including a VA determination under which plaintiff was "deemed to be insane," and a finding by a flight surgeon that plaintiff was "unable to perform his duties because of a mental illness." (Compl. (DE 36) at 3). Based on these allegations, plaintiff has stated a claim for judicial review of a decision by the Board.

Defendant argues that plaintiff's claim should be dismissed as a matter of law because "[i]t is clear from the July 10, 2020, letter that Defendant through the BCNR, conducted a thorough, well-reasoned analysis of Plaintiff's claims of material error before concluding that a discharge upgrade was not warranted – a conclusion that was supported by substantial evidence." (Mem. (DE 39) at 18) (emphasis added). However, it is impossible for the court to determine at this juncture whether defendant's decision was supported by substantial evidence, because there is no administrative record before the court.

This court and others previously have conducted judicial review of decisions of boards for correction of military records based upon an administrative record, under a summary judgment standard. See, e.g., Clark v. Murphy, No. 5:14-CV-565-FL, 2016 WL 3102016, at *4 (E.D.N.C. June 2, 2016) (granting summary judgment to defendant, based upon review "limited to the

7

Case 7:19-cv-00140-FL   Document 43   Filed 02/11/21   Page 7 of 9

administrative record that was available to the [Army Board of Correction] at the time of its decision") aff'd, 671 F. App'x 84 (4th Cir. 2016); Hoffler v. Hagel, 122 F. Supp. 3d 438, 447 (E.D.N.C. 2015) (granting summary judgment for a military board, where "[h]ere, the administrative record shows that the [board] did not act arbitrarily or capriciously when it denied [the plaintiff's] request for relief, and substantial evidence supports the [board] decision) (emphasis added); Randall, 95 F.3d at 348 (affirming "district court grant[] [of] summary judgment for Defendants on Plaintiff's claim that the Army failed to follow its own regulations in reviewing his request for correction of his military records"); Davis v. Army Bd. Of Corr. Of Military Records, No. 99-2420, 2000 WL 459108 (4th Cir., April 19, 2000) (affirming summary judgment determination, noting that court is "charged with determining whether the conclusion being reviewed is supported by substantial evidence").

In sum, defendant's argument is premature, and the instant motion in this part must be denied. In so holding, the court expresses no opinion on the potential merits of plaintiff's claims when reviewed under the applicable standard in accordance with an administrative record, only at this juncture that plaintiff's claim is not procedurally in a posture to make such a determination.

C.  Case Schedule

In light of the court's decision herein, the court LIFTS the stay on case activities imposed by the court's September 2, 2020, text order. Further, because of the limited nature of judicial review of a decision based upon an administrative record, the court forecasts herein a case schedule involving the filing of the administrative record by defendant, after filing of an answer, with briefing on motion(s) for summary judgment following.

8

Case 7:19-cv-00140-FL   Document 43   Filed 02/11/21   Page 8 of 9

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's claim for judicial review of defendant's decision under 10 U.S.C. § 1552 and the APA is allowed to proceed. Plaintiff's remaining claims, if any, are DISMISSED for lack of jurisdiction and for failure to state a claim upon which relief can be granted. The court LIFTS the stay in case scheduling activities imposed by the court's September 2, 2020, text order. Such further order regarding case scheduling, as forecasted herein, will follow defendant's answer. Finally, the clerk is DIRECTED to amend the caption on the docket to reflect that, pursuant to Federal Rule of Civil Procedure 25(d), Thomas W. Harker is substituted as defendant because he is the Acting Secretary of the Navy.

SO ORDERED, this the 11th day of February, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge